UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| DANA C. MORRIS, | ) | |
| | ) | |
|    Petitioner, | ) | |
| | ) | |
| v. | ) | No. 08-cv-298-B-W |
| | ) | |
| STATE OF MAINE, | ) | |
| | ) | |
|    Respondent. | ) | |

**RECOMMENDED DECISION ON MOTION TO DISMISS
§ 2254 PETITION**

Dana C. Morris petitions the Court for habeas relief in connection with his two-year, nine-month sentence of imprisonment on a state conviction for operating a motor vehicle after the State revoked his driver's license due to a habitual offender classification. Morris claims in his petition that he received ineffective assistance from his counsel and an excessive sentence and that he was improperly denied his request to be appointed new counsel for his sentencing hearing. The State has filed a motion to dismiss the petition. I recommend that the Court grant the motion and dismiss the petition because it is time barred.

**Background**

Morris did not provide any factual allegations to support his initial petition. I therefore issued a show cause order instructing Morris to submit some factual predicate demonstrating why his petition should not be summarily dismissed. In response, Morris submitted a letter in which he explains that his counsel had divided loyalties because of a pending probate matter involving Morris's family. Morris believes that his counsel consequently refused to return his phone calls, refused to call witnesses on his behalf at his sentencing hearing, and otherwise

sought to have him sentenced in advance of an unspecified probate hearing.  Morris complains that the state court should have assigned new counsel to represent him based on his report that his counsel was not answering his calls and was biased against him.  Morris asserts that the state court imposed an excessive sentence when it ordered incarceration in excess of two years, because his counsel had suggested in advance of the sentencing hearing that he would only get four to six months.  Finally, Morris asserts that his counsel falsely told him that there was no available appeal other than his appeal to the Law Court (an appeal of his sentence), which he offers to explain why he may not have exhausted his state remedies prior to filing the instant petition for federal relief (Morris entered a plea of guilty to the underlying charge).

Based on Morris's supplementation, I ordered the State to answer the petition, although it appeared likely to me that Morris "may not have exhausted his state post-conviction remedies and may . . . even be time-barred from proceeding in this court."  (Order to Ans. at 1, Doc. No. 10.)  The State duly answered with a motion to dismiss the petition, to which it attached copies of the state court dockets pertaining to Morris's conviction and sentencing, his subsequent application to allow an appeal of his sentence, and his eventual petition for post-conviction review.  (Doc. No. 11.)  Morris has failed to oppose the motion to dismiss.

The docket papers attached to the State's motion demonstrate that Morris pleaded guilty to the underlying felony charge of operating after revocation.  Thereafter, the Superior Court imposed a sentence of, among other things, a two-year, nine-month term of imprisonment, which the Court stayed pending appeal.  Morris did not file a direct appeal of his conviction, but applied for permission to appeal his sentence under 15 M.R.S. § 2151 and Rule 20 of the Maine Rules of Appellate Procedure.  The sentence review panel denied the application on February 8,

2007. However, Morris remained free from incarceration until January 5, 2008, subject to an arrest warrant issued when he failed to appear in court on February 20, 2007.

On February 14, 2008, following his arrest, Morris filed a petition for state post-conviction review under 15 M.R.S. §§ 2121 *et seq*., which the state court summarily dismissed. Morris did not file an appeal from the order dismissing his post-conviction petition, although the Maine Rules of Appellate Procedure afford an opportunity to seek a discretionary appeal before the Law Court. Me. R. App. P. 19.

## Discussion

The State argues that Morris's petition must be summarily denied because it is time barred. According to the State, sufficient time has lapsed between the date Morris's conviction became final and the date he filed the instant petition, that his petition is time-barred even if it is assumed, for the sake of argument, that all of Morris's post-conviction state court pleadings tolled the statute of limitation. In support of this argument, the State adds up all of the potentially available tolling periods and subtracts them from the total span of time between the commencement of the limitation period and this habeas petition, in order to demonstrate that the balance of time remaining exceeds the one-year limitation period specified in the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244.

AEDPA provides for a one-year period of limitation for all writs of habeas corpus filed by persons in custody pursuant to a state court judgment. Id. § 2244(d)(1). The clock is deemed to start running, for purposes of the pending petition, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," id. § 2244(d)(1)(A), because Morris's factual allegations do not support a finding that any later date of commencement could apply, see id. § 2244(d)(1)(B)-(D). The running of the

one-year limitation clock is tolled by operation of § 2244(d)(2), which provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  Id. § 2244(d)(2).

The State begins counting on May 10, 2007, which is one day after the expiration of Morris's 90-day period for filing a petition for writ of certiorari with the United States Supreme Court, counting 90 days out from the date of the order denying his application for sentence review (February 8, 2007).[1]  The State stops counting on February 14, 2008, when Morris filed his application for state post-conviction review.  As the State asserts, as of the date of the application for post-conviction review, 280 days had run on the period of limitation.

The State starts counting days again on May 17, 2008, which is 21 days after the date on which the Superior Court summarily dismissed Morris's application for post-conviction review (April 25, 2008).  The 21-day period is drawn from Rule 2 of the Maine Rules of Appellate Procedure because Maine's post-conviction review statute provides that appeal deadlines are set by rule rather than by the statute.  See 15 M.R.S. § 2131(1) ("The time for taking the appeal and the manner and any conditions for the taking of the appeal are as the Supreme Judicial Court provides by rule.");  Me. R. App. P. 2(b)(2)(A) (specifying 21-day period for filing all criminal appeals except appeals from orders making final dispositions on petitions contesting extradition).  Because 280 days had already expired, only 85 days remain to be counted before the period of limitation is exceeded.  As the State asserts, those 85 days were up on August 9, 2008, roughly a month before the date on which Morris filed the instant habeas petition.

---

[1]  See Supreme Ct. R. 13(1) (specifying a 90-day filing deadline).  See also Donovan v. Maine, 276 F.3d 87, 91 (1st Cir. 2002) ("Section 2244(d)(1) provides for tolling during the ninety-day period in which the petitioner would have been allowed to ask the United States Supreme Court to grant certiorari to review the [state court's] denial of his direct appeal (the fact that the petitioner did not seek certiorari is immaterial).").

**Conclusion**

Because Morris filed his petition beyond the period of limitation set in AEDPA and no basis for additional, equitable tolling is evident, the State is entitled to have Morris's petition dismissed as time-barred.  28 U.S.C. § 2244(d)(1);  Trapp v. Spencer, 479 F.3d 53, 58-59 (1st Cir. 2007) (discussing equitable tolling).

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

January 20, 2009